UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARIEL TORRES MARTINEZ,

Petitioner,

v. Case No.: 2:26-cv-01634-SPC-KRH

U.S. ATTORNEY GENERAL *et al*,

Respondents,

_________________________________/

**OPINION AND ORDER**

Before the Court are petitioner Ariel Torres Martinez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Torres Martinez is a native of Cuba who was paroled into the United States on January 16, 2015. He has a criminal history involving a number of theft-related offenses. An immigration judge ordered Torres Martinez removed to Cuba on September 17, 2019. Immigration and Customs Enforcement ("ICE") released him on an order of supervision on October 7, 2019. ICE re-detained Torres Martinez on March 31, 2026, after he completed his prison term. Torres Martinez argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Torres Martinez carried his initial burden by showing a good reason to believe there is no

significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2019, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Torres Martinez will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Torres Martinez's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Ariel Torres Martinez's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Torres Martinez poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Torres Martinez may file a reply within three days of the supplemental response.

4. Because ICE recently transferred Torres Martinez to a different facility and does not forward legal mail to detainees after transferring them, the government must certify it has served this Order on him within three days.

**DONE AND ORDERED** in Fort Myers, Florida on October 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record